# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

DONALD F. MICELI
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE
KEVIN G. COOPER

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

PETER G. STEWART
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
ZACHARY A. JACOBS***
JASON H. ALPERSTEIN++

OF COUNSEL

RAYMOND J. LILLIE
GREGORY G. MAROTTA
MARYSSA P. GEIST
JORDAN M. STEELE**
SEAN M. KILEY
ROBERT J. VASQUEZ
BRITTNEY M. MASTRANGELO
GRANT Y. LEE***

CHARLES C. CARELLA
1933 – 2023

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**MEMBER NY BAR
***MEMBER IL BAR
+MEMBER FL BAR
+ + MEMBER NY & FL BAR

August 12, 2024

**Via ECF**

Honorable Renée Marie Bumb, U.S.D.J.
Honorable Ann Marie Donio, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

      Re:    *In re Toronto-Dominion Bank / First Horizon Corporation Securities Litigation*,
              No. 1:23-cv-02763-RBK-AMD

Dear Chief Judge Bumb:

      We write on behalf of Lead Plaintiffs in response to the TD Defendants' August 9, 2024 letter submitting the Ninth Circuit decision *In re: CCIV / Lucid Motors Sec. Litig.*, 2024 WL 3710186 (9th Cir. Aug. 8, 2024) ("*Lucid*"). The TD Defendants suggest that *Lucid* supports their argument that this Court should ignore governing Third Circuit law and apply the Section 10(b) standing limitation articulated by the Second Circuit in *Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82 (2d Cir. 2022) ("*Menora*"). The TD Defendants are wrong.

      <u>First</u>, *Lucid* does not change the fact that *Menora* contradicts controlling law in the Third Circuit, which has long held that investors of a merger target may bring Section 10(b) claims against the acquirer in the exact circumstances of this case. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 177 (3d Cir. 2000) (investors in target ABI had actionable Section 10(b) claims against proposed acquirer Cendant for misstatements Cendant made about its financial condition and its commitment to the merger). *Lucid* and *Menora*'s new limitation that Section 10(b) standing is confined to purchasers of securities "about which a misstatement was made" directly contradicts *Cendant*, where the Third Circuit expressly held that it was "***no defense*** that the alleged misrepresentations…did not specifically refer to the investment value of the security that was bought or sold." *Id.*; ECF No. 51 at 25-29. Indeed, courts in this Circuit since *Cendant* have continued to allow plaintiffs to assert Section 10(b) claims against a merger partner in circumstances nearly identical to those here. *See Chabot v. Walgreens Boots All., Inc.*, 2023 WL

Hon. Renée Marie Bumb
August 12, 2024
Page 2

2908827 (M.D. Pa. Mar. 31, 2023) (investors in target had actionable Section 10(b) claims against acquirer that made misstatements about regulatory approval of merger); ECF No. 51 at 26.

The TD Defendants' argument that the Second and Ninth Circuits are the only appellate courts to interpret the purchaser-seller rule from *Blue Chip Stamps v. Manor Drug Stores* in this context is also wrong. The TD Defendants ignore the Third Circuit's decision in *Deutschman v. Beneficial Corp.*, which directly addressed *Blue Chip*, and held that its requirement that a plaintiff be a "purchaser" or "seller" is the "***only*** standing limitation recognized by the Supreme Court." 841 F.2d 502, 506 (3d Cir. 1988). TD also ignores that the Supreme Court has since approved this very interpretation of *Blue Chip*. *See Chadbourne & Park v. Troice*, 571 U.S. 377, 382 (2014) (*Blue Chip* limits claims "only to purchasers and sellers, not to holders, of securities").[1]

<u>Second</u>, even if this Court were to apply the new "about which" standing limitation in *Lucid*, Plaintiffs have standing, as *Lucid* is distinguishable in key respects. In *Lucid*, investors in acquirer CCIV brought Section 10(b) claims against target Lucid for misstatements Lucid made purely about itself, *i.e.*, concerning Lucid's own production rates and construction of a new factory. 2024 WL 3710186, at *2. Importantly, at the time Lucid made these misstatements, **CCIV's acquisition of Lucid had not even been publicly announced**—causing the district court to dismiss for lack of materiality because plaintiffs had "fail[ed] to allege that the merger was likely to take place" when plaintiffs purchased their stock. *See In re CCIV / Lucid Motors Sec. Litig.*, 2023 WL 325251, at *11 (N.D. Cal. Jan. 11, 2023). As the Ninth Circuit observed, neither merger counterparty in *Lucid* ever "spoke publicly about the merger negotiations" before the target was acquired—meaning none of the alleged misstatements in that case pertained to the merger at all.[2]

By contrast, here, the TD Defendants have **conceded** for purposes of their motion that they made numerous materially false and misleading statements "about" the First Horizon merger—which was publicly announced on the first day of the Class Period, and was indisputably the most significant event impacting First Horizon's business and stock during the Class Period. *See* ECF No. 51 at 30-31. Indeed, the TD Defendants spoke extensively about the merger's prospects for approval, including by falsely denying that there were any regulatory issues that could preclude approval and asserting they were "extremely confident" the merger would be approved in "short order." *Id.* at 13-14. First Horizon in turn deliberately remained silent on these topics, leaving TD as effectively the sole spokesperson to shareholders of both companies on those critical issues while the merger was pending. *Id.* at 25. Thus, even applying *Menora* and *Lucid*, TD's statements were "about" First Horizon, and Plaintiffs have standing to sue the TD Defendants.

---

[1] The TD Defendants' reply does not address *Deutschman*, and instead wrongly contends that *Cendant* simply reiterated the Third Circuit's "uncontroversial" decision in *Angelastro v. Prudential-Bache Securities, Inc.* ECF No. 52 at 2. But that case is another controlling Third Circuit decision that contradicts *Menora* and *Lucid*—as it affirmed standing under *Blue Chip* and found actionable claims for misstatements "about" the terms of a margin account (and ***not*** the securities that were purchased in it). *Angelastro*, 764 F.2d 939, 944-46, 948 & n.13 (3d Cir. 1985).

[2] *Menora* is distinguishable for the same reasons. In *Menora*, investors in acquirer IFF sued target Frutarom for misstatements that did not concern IFF, the merger, or its approval at all—but rather for purely "self-referential" statements about Frutarom's controls and compliance prior to the merger. *Menora*, 54 F.4th at 86; ECF No. 51 at 30.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

Hon. Renée Marie Bumb
August 12, 2024
Page 3

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.

*/s/ James E. Cecchi*
James E. Cecchi

cc: All Counsel of Record (via ECF)